## LAFAYETTE LAMB

### v.

## ELIZA J. JOHNSTON, ADM'X.

*Limitations—Note—Payment—Evidence—Instructions—Error without Injury.*

1. In an action upon a promissory note, the contention being as to whether a sum indorsed thereon was a voluntary payment after the running of the statute of limitations, this court declines to interfere with a verdict for the plaintiff.

2. Where the evidence is closely conflicting, and that for the plaintiff considered alone is sufficient to sustain the verdict for him, this court will not interfere.

3. An error without injury to the appellant is not sufficient ground for reversal.

[Opinion filed February 21, 1889.]

APPEAL from the Circuit Court of Morgan County; the Hon. CYRUS P. EPLER, Judge, presiding.

Messrs. M. T. LAYMAN and F. D. McAVOY, for appellants.

Mr. JOHN A. BELLATTI, for appellee.

WALL, P. J. This was a suit upon a promissory note signed by appellant, payable to Joseph P. Johnston, now deceased.

The defendant pleaded the statute of limitations, ten years, to which plaintiff replied a payment of $6.17 after the statute

had run.  The issue was upon this replication, and the verdict was for plaintiff.

The evidence offered by plaintiff consisted mainly of a conversation between defendant and plaintiff's attorney, who held this and two other notes against defendant for collection. The defendant called at the office of the attorney after suit (the present suit) had been brought upon the three notes, and asked to see them.  They were shown him, and he claimed that he had paid one of them, which, it was agreed, should be dropped from the case.  He paid another to the attorney, but as to this one, after examining it and the indorsement of credits on it, said he had not money enough to pay it, and that he wanted to see the administratrix in regard to it.  He did not deny making the payment of $6.17, and did not deny knowing anything about the note.  The defendant testified that this note was shown him with the others, and that he told the attorney he knew nothing about the note; did not tell him he wanted to see Mrs. Johnston about it.  He says, in one place, that he was shown the note with these credits (there were two, one at a much earlier date) upon it, and, in another place, he says he did not see the credit and did not know it was there.  He admitted giving a check for $150 on the date of this credit, which overpaid a note he then took up, and the surplus of which covered this payment and another item, as the plaintiff claimed.  He did not produce the note so paid, and professed to be unable to give the sum due thereon, or to know, with any certainty, what was done with the surplus. Reading the examination of the defendant in the record, we can readily believe that the jury, who saw and heard the witness, had much better means than we have of judging as to the relative credit to be given him and the opposing witness. The two were in conflict, and the evidence could hardly be reconciled.

The jury were compelled to credit one and discredit the other.  If, then, the evidence for the plaintiff, when considered alone, was sufficient, this court would not interfere with the judgment upon the ground that the verdict is not supported by the evidence.  It is objected that one of the wit-

nesses for plaintiff was permitted to state that she knew the note was unpaid. This seems to have been stated rather incidentally, and it was apparent it was the mere opinion of the witness. Though it should have been excluded because not relevant, yet, as the payment of the note was not affirmed by the defendant—as he did not deny it was unpaid—we can not see in what way this could have injuriously affected the defendant.

It is urged the court erred in refusing to give, and in modifying certain instructions asked by defendant, but we find the court gave all that defendant had any occasion for.

The jury were clearly informed that the burden of proof was on the plaintiff to show that the payment of $6.17 was made by the defendant, he then actually intending to do so; that the indorsement on the note was not to be considered for that purpose, and that if the plaintiff failed to make such proof, or if the evidence was equally balanced, the jury should find for the defendant. We are satisfied there was no error in regard to instructions for plaintiff or defendant, and that the jury were not misled by the ruling of the court in that regard. It was a pure question of fact, and the jury having settled the conflict, and the trial court, by overruling the motion for a new trial, having approved of the verdict, we find nothing to require us to set aside the judgment. We must, therefore, affirm the judgment.

*Judgment affirmed.*